## HUBBLE *v.* HUBBLE.

If in an action of debt or assumpsit commenced before a justice of the peace, the cause of action be denied by plea, the plaintiff may on the trial, either before the justice or on appeal, examine the defendant under oath as a witness; but the defendant is not bound, unless when thus under oath, to answer any questions in the cause.

**ERROR** to the *Fayette* Circuit Court.

STEVENS, J.—This was an action of assumpsit brought before a justice of the peace, upon an account in writing, consisting of fifty or sixty items. The defendant pleaded two several pleas in bar,—1st, non-assumpsit; 2dly, payment. The case was tried by a justice of the peace, and judgment given for the plaintiff. An appeal was then taken to the Circuit Court, a trial by jury had, and a verdict and judgment rendered for the plaintiff.

Several objections have been raised in this Court, tending to show that the judgment of the Circuit Court ought to be reversed; but we think it only necessary to examine one of these objections.

*[margin notes: May Term, 1833. HUBBLE v. HUBBLE. Tuesday, May 28.]*

It appears of record by a bill of exceptions, that after the jury was impanelled and sworn in the Circuit Court, the plaintiff called upon the defendant to admit or deny the plaintiff's account, item by item, severally, as the plaintiff might read them to him; to the doing of which the defendant objected, unless he were first sworn as a witness; but the Court overruled the objection and required him to answer, without being sworn as a witness, and to admit or deny the several items of the plaintiff's account, severally, as the plaintiff might read them to him. The plaintiff contends that the 35th section of the act of 1831, regulating the jurisdiction and duties of justices of the peace, authorised him to interrogate and require the defendant to answer, as was in this case done, without his being sworn as a witness.

To come to a satisfactory understanding of this question, it is perhaps necessary to travel behind the statute, and see how the case would have stood, had that section never been enacted. The defendant had pleaded two pleas in bar,—1st, non-assumpsit, and 2dly, payment, before the justice of the peace. These pleas stood in the Circuit Court as they did before the justice, and had to be again tried; and for that purpose the jury was impanelled and sworn.

The first plea is an absolute denial of the demand, the account, and every item in it; and the plaintiff could not recover, unless he could prove his cause of action, by legal and disinterested evidence. He could neither interrogate the defendant as to his account, or any of its items, nor could he swear him as a witness, if there were no statute authorising it. From this view of the case, the question at once presents itself,—What alteration has the statute made? What object had the legislature in view?

The 35th section of the act of 1831, regulating the jurisdiction and duties of justices of the peace, enacts, that "in all trials in actions of debt or assumpsit before any justice, it shall be lawful for the plaintiff, if the defendant deny the debt, demand, or account, to require such defendant to answer on oath or affirmation to such charge; and if thereupon the defendant deny the same, the plaintiff shall not have judgment, unless he establish his claim by legal evidence." This language is plain and simple, and seems to apply itself to the state of the issues made by the parties. The obvious purpose seems to be, simply to

give to the plaintiff, under an issue denying the demand, one more witness than he would have at common law. It authorises the defendant to be made a witness, if he deny the demand. The meaning and intention are clearly obvious.

If the defendant confess the demand, the plaintiff needs no witness; he takes judgment on the confession. Or if the defendant pleads, confessing the demand, but avoids it by matter set up in bar, as payments, fraud, want of consideration, &c., the plaintiff has nothing to prove; he needs no witness. But if the defendant deny the demand by pleading non-assumpsit, nil debet, or other proper plea, the plaintiff cannot recover, unless he establish his claim by legal evidence; in such case, the statute authorises him to make a witness of the defendant. Here the statute comes to his aid, and gives him a witness which he has not at common law. He is not bound to make a witness of the defendant unless he pleases; if he decline so doing, he stands precisely as he would have stood, if the statute had never been enacted. The statute takes nothing from him; it only gives him an additional witness, if he desire to use him.

We think the denial, by plea, of the claim, is all the denial the statute contemplates; and that no disinterested mind can ever give it any other construction.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*J. Rariden*, for the plaintiff.

*O. H. Smith*, for the defendant.